# IN THE COURT OF APPEALS OF IOWA

No. 15-0651
Filed January 25, 2017

**GADET KANG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


        Gadet Kang appeals the district court's denial of his postconviction relief

application. **AFFIRMED.**



        Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee State.



        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Gadet Kang was convicted of first-degree robbery and third-degree burglary. This court affirmed his judgment and sentence on direct appeal. *See State v. Kang*, No. 06-2115, 2007 WL 3087228, at *3 (Iowa Ct. App. Oct. 24, 2007). Kang filed a postconviction relief application that was denied. He then filed a second postconviction relief application. The district court granted his motion to amend the application to raise thirteen ineffective-assistance-of-counsel claims. Those claims were considered at an evidentiary hearing at which Kang testified. Following the hearing, the district court denied the application.

On appeal, Kang concedes the court addressed and rejected each of his ineffective assistance claims on the merits. His sole contention is that the court "abused its discretion in failing to rule on the cumulative prejudice of [his] grounds for post-conviction relief." *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012) ("[W]e should look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the *Strickland* test."); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a showing of deficient performance and prejudice).

The district court considered each of Kang's ineffective assistance claims on both prongs of the *Strickland* test and found neither the breach of an essential duty nor prejudice. The court's finding of no prejudice on each of the claims necessarily means that there was no showing of cumulative prejudice.

We affirm the district court's denial of Kang's postconviction relief application.

**AFFIRMED.**